IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BEVERLY ROBERTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 322-090 |
| ) | |
| ) | |
| LISA THOMPSON, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Petitioner Beverly Roberts, currently held at Bleckley RSAT in Cochran, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner never paid the $5.00 filing fee or filed a motion to proceed *in forma pauperis* ("IFP").  The Clerk issued a deficiency notice on August 8, 2022, instructing Petitioner to submit the $5.00 filing fee or an IFP motion within twenty-one days.  (See doc. no. 2.)  Petitioner has not responded.

**I.    Filing Fee and Motion to Proceed IFP**

To properly commence a § 2241 or § 2254 action, Petitioner must either pay the $5.00 or move to proceed IFP.  See Loc. R. 4.1 (providing that commencement of a civil action requires, among other things, payment of the appropriate filing fee or submission of an IFP motion); see also 28 U.S.C. § 1914(a) (providing that the filing fee for a habeas corpus action is $5.00).  In an abundance of caution the Court, **GRANTS** an additional fourteen days to either pay the $5.00 filing fee or submit a complete IFP motion, with supporting

documentation. The Court **DIRECTS** the **CLERK** to include an appropriate blank IFP motion stamped with the above-captioned case number with Petitioner's service copy of this Order. Failure to comply with this Order within fourteen days will result in the Court recommending that this case be dismissed without prejudice.

## II.     New Petition Required

Petitioner submitted a handwritten petition which does not contain all the necessary information the Court requires. Further, the petition is titled as one under 28 U.S.C. § 2241, though it appears to seek relief from custody pursuant to a judgment of a state court. Such relief is properly sought through a petition under 28 U.S.C. § 2254, not § 2241. Within fourteen days of this Order, Petitioner **MUST FILE** an amended petition on the appropriate standard form, clarifying whether she seeks relief pursuant to § 2241 or § 2254. The Court **DIRECTS** the **CLERK** to include both a § 2254 and a § 2241 habeas corpus form petition stamped with this case number with Petitioner's service copy of this Order. Petitioner shall only submit one amended petition in response to this Order.

The Court must inform Petitioner any future § 2254 petition will be subject to restrictions on "second or successive" filings, see 28 U.S.C. § 2244(b)(3)(A), and this case, should she choose to proceed with a § 2254 federal habeas corpus petition, is her opportunity to raise all federal habeas claims she now believes she has. See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also In re Jones, No. 14-11256-A, slip op. at 3-4 (11th Cir. Apr. 9, 2014) (applying Castro principles to § 2254 petition). Moreover, any petition filed pursuant to § 2254 is subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including the one-year statute of limitations and the requirement for exhausting the

remedies available to Petitioner by any state court procedure.  See 28 U.S.C. §§ 2244(d)(1) and 2254(b)(1)&(c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act on [her] claims before [s]he presents those claims to a federal court in a habeas petition.")

Accordingly, the Court **ORDERS** Plaintiff to submit an amended petition within fourteen days of the date of this Order using the appropriate standard federal habeas corpus form petition provided by the Clerk of Court with this Order.

### III.  Conclusion

If Petitioner wishes to proceed with her case, she must pay the filing fee or motion to proceed IFP and submit an amended petition.  If Petitioner does not intend to proceed with a federal habeas corpus action, she should notify the Court of her intent to withdraw the present petition and afterward pursue whatever action she deems appropriate to seek relief in state court.  If Petitioner chooses to proceed with a request for federal relief, she must submit her claims on one of the enclosed federal forms.  If Petitioner fails to respond within fourteen days in accordance with the terms of this Order, the Court will presume she wishes to dismiss the above-captioned petition and will recommend that this case be dismissed without prejudice.

SO ORDERED this 8th day of September, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA