IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BEVERLY ROBERTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 322-090 |
| | ) |
| LISA THOMPSON, | ) |
| | ) |
| Respondent. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Bleckley RSAT in Cochran, Georgia brings the above-captioned case pursuant to 28 U.S.C. § 2254. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED,** and this civil action be **CLOSED**.

### I.  BACKGROUND

On August 8, 2022, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. no. 1.) Petitioner provided few facts and vaguely asserted she should not have been found in violation of any laws. (Id.) On September 8, 2022, the Court directed Petitioner to file an amended petition clarifying whether she seeks relief pursuant to § 2241 or 28 U.S.C. § 2254, provided Petitioner with both form petitions, and ordered Petitioner to "only submit one amended petition in response to this Order." (Doc. no. 3 at 2.) On September 26, 2022, Petitioner filed two amended petitions, one for relief under § 2241 and the other for relief under § 2254. (See doc. nos. 4, 5.) Both contain the same facts and claims for relief. Setting aside

Petitioner's failure to comply with the Court's instructions to submit one amended petition, the Court discerns that Petitioner seeks to challenge the judgment of conviction by the state court pursuant to § 2254 and not § 2241.

Petitioner alleges she was convicted in 2020 in the Dodge County Superior Court for being a felon in possession of a firearm and sentenced to five years of probation. (Doc. no. 5, p. 1.) Petitioner did not appeal her conviction or seek review by a higher state court because she was unaware of her right to do so. (Id. at 5.) Petitioner alleges the conviction was based upon an illegal search and seizure, her public defender coerced her to accept a guilty plea, and she did not violate any law. (Id. at 7-10.) The petition should be dismissed for failure to exhaust.

## II.  DISCUSSION

### A.  The Exhaustion Requirement.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in

a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

**B.   Petitioner Failed to Exhaust State Remedies.**

Here, Petitioner does not allege she has filed a direct appeal or a state habeas petition. (See doc. no. 5.) Generally, as a matter of comity, the state courts must be afforded a fair

3

opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Indeed, Petitioner has not filed a state habeas petition or alleged any refusal by the state courts to hear her claims. As Petitioner has not exhausted available state court remedies, her federal habeas corpus petition should be dismissed without prejudice, so she can first give the state courts an opportunity to address her claims. Of course, should Petitioner attempt to return to federal court after exhausting her state court remedies, her petition will again be reviewed under AEDPA's provisions, including the one-year statute of limitations. See 28 U.S.C. § 2244(d).

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this petition be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of September, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA